STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6758
    FAX: (415) 436-7234
    Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 3:20-CR-00364-CRB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **UNITED STATES' SENTENCING MEMORANDUM** |
| DANIEL FLAHERTY, | ) | |
| Defendant. | ) | |

## I.    INTRODUCTION

Between approximately September 2019 and June 2020, the defendant Daniel Flaherty participated in an abundance of fraudulent activity. This included activating a debit card that was reported stolen and then using that debit card for multiple purchases and withdrawals. The defendant also attempted to deposit several checks issued to other people using the stolen debit card. Based on this information, the Government charged the defendant by complaint with one count of Bank Fraud, pursuant to 18 U.S.C. § 1344. On September 28, 2020, the government filed a one-count Information charging the defendant with the same.

On October 14, 2020, the defendant pled guilty to the Bank Fraud captioned on the one-count Information before the Honorable Charles R. Breyer, Senior United States District Judge pursuant to a

Rule 11(c)(1)(B) plea agreement.  As a part of that agreement, the government promised to "recommend a sentence at the low end of the range associated with the Guidelines calculation…unless the defendant violate[d] the terms of the Agreement above…" *See* Plea Agreement at Dkt #21.  The parties agreed that Count One carries a total offense level of 11.  The plea agreement includes no prohibition on the defendant's ability to request a sentence below the Guidelines calculation.

On May 1, 2021, pending sentencing, the defendant was arrested for drug possession.  PSR ¶ 41.  The defendant was convicted on June 16, 2021 and sentenced to time served.  *Id.*  This case is set for sentencing on June 30, 2021 before the Honorable Charles R. Breyer, Senior United States District Judge.

Based on the nature of the offense and the defendant's criminal history, the government is recommending a sentence of 27 months in custody, as promised, followed by three years on supervised release.  This sentence is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a)(2).

**II.     OFFENSE CONDUCT AND CONDUCT DURING THE PENDENCY OF THE CASE**

The defendant has engaged in significant conduct affiliated with the charged crimes to which he has pled guilty.  Evidenced by his latest conviction during the pendency of this case, the defendant continues to engage in this conduct.

*a. Charged Conduct*

On October 5, 2019, 73-year-old victim PC filed a mail theft complaint with the U.S. Postal Inspection Service concerning fraudulent charges to her Westamerica Bank checking account on September 30, 2019 and October 1, 2019.  PSR ¶ 6.  The victim was away on vacation from September 25, 2019 to September 29, 2019 and upon her return, her husband noticed their mailbox was open with no mail in it.  *Id.*  The victim stated that she did not give anyone permission to take her mail or use her checking account or debit card during that time.  *Id.*

The Westamerica Bank confirmed that a new debit card was mailed to the victim's residence on September 24, 2019 and that this new debit card was activated on September 30, 2019 using phone number (707) 653-2213.  PSR ¶ 7.  According to records from T-Mobile, that number was registered to the defendant at his residence in Vallejo, CA.  *Id.*  Westamerica Bank further confirmed that on

September 30, 2019 and October 1, 2020, several withdrawals and purchases were made using the victim's newly-activated debit card in Middletown, Vallejo, and Windsor, California, as shown below:

| DATE | TRANSACTION / LOCATION | AMOUNT |
|---|---|---|
| September 30, 2019 | ATM withdraw- Twin Pine Casino & Hotel (Middletown, CA) | $504.00 |
| September 30, 2019 | Walmart purchase (Windsor, CA) | $85.67 |
| September 30, 2019 | Walmart purchase (Windsor, CA) | $70.13 |
| October 10, 2019 | Safeway (Vallejo, CA) | $72.74 |

The debit card was also charged $4.50 in ATM inquiry fees. PSR ¶ 8. Video surveillance confirmed the defendant was present at both Walmart and Twin Pine Casino on September 30, 2019. *Id.*

In addition to the above withdrawals and purchases made with the stolen ATM card, the defendant attempted to deposit and then withdraw six third-party checks (checks made out to other people) at various ATM machines using the stolen debit card. PSR ¶ 8. The intended recipients of these checks confirmed that they were expecting, but never received checks. *Id.* While the deposits/withdrawals were unsuccessful due to the Westamerica Bank security policy for weekend deposits, the amount the defendant attempted to receive totaled approximately $2,500.00. *See id.*

    *b. Related Conduct*

On November 13, 2019, officers were notified regarding a check in the amount of $2,500 was washed and cashed in the name of the defendant. PSR ¶ 9. Wells Fargo notified the company that issued the check and the check was voided due to security protocol. *Id.* On November 15, 2019, law enforcement spoke with Wells Fargo regarding 22 fraudulent checks used by Flaherty. PSR ¶ 10. These checks amounted to approximately $12,585 of actual loss to Wells Fargo. *Id.*

On November 21, 2019, Napa County Sheriff's Department arrested the defendant and searched his person and vehicle pursuant to Post-Release Community Supervision (PRCS) search terms. PSR ¶ 11. The defendant possessed stolen mail from multiple residents in Petaluma, CA as well as stolen and altered checks, multiple identification documents from residents in Napa, Solano, San Francisco, Sonoma, and Sacramento counties. *Id.* Officers interviewed the defendant and the defendant admitted to stealing mail to obtain money and having stolen mail at his residence in Vallejo, CA. *Id.*

On November 23, 2019, Napa County Sheriff's Office searched the defendant's Vallejo

residence, pursuant to his PRCS search clause. PSR ¶ 11. During the search, officers discovered stolen and altered checks, and stolen mail from multiple East Bay and North Bay counties. *Id.*

On December 6, 2019, federal law enforcement obtained video surveillance the defendant from Walmart in Rohnert Park, CA attempting to cash checks on November 21, 2019. PSR ¶ 12. The checks were denied due to company protocols. *Id.* The company that Walmart uses for check processing informed law enforcement discovered that there were 16 transactions conducted by the defendant using his California Driver's License, 14 of which were denied due to the company's risk factors, totaling approximately $7,350.23. The company believed these checks to be fraudulent. *Id.*

On February 27, 2020, Sonoma County Sheriff's Department (SCSD) stopped the defendant and searched him and his vehicle pursuant to his PRCS search term. PSR ¶ 13. Officers found a debit card in someone else's name and a counterfeit Postal Arrow Key.[1] *Id.*

On multiple occasions throughout April 2020-June 2020, the defendant was observed or arrested in possession of mail belonging to other people and U.S. Postal Arrow Keys. *See* PSR ¶ 13.

    *c. Conduct during the pendency of the case*

On May 1, 2021, after pleading guilty the Bank Fraud, the defendant was arrested in possession of methamphetamine. PSR ¶ 41. During this arrest, officers searched the defendant's vehicle and recovered a battery-powered tool and two locking mechanisms with keys which were stamped with "US MAIL." *Id.* These items were later identified as United States Postal Service locks and counterfeit Postal Arrow Keys. *Id.* The defendant was later convicted and sentenced to time served. *Id.*

### III. SENTENCING GUIDELINES CALCULATIONS

The government agrees with the United States Probation Department's calculations as to the applicable Sentencing Guidelines. PSR at ¶¶ 3, 20-29. Specifically, the government agrees that the defendant's Base Offense Level is 7, *id* at ¶ 20, but that his Total Offense level is 11. *Id.* at ¶ 29. This Total Offense Level accounts for a six-level enhancement for the Specific Offense Characteristics, *id.* at ¶ 21, as well as a two-level reduction pursuant to USSG §3E1.1(a)-(b) based on the defendant's

---

[1] The debit card was seized and destroyed because the defendant could not provide evidence that the debit card was lawfully possessed.

Acceptance of Responsibility. *Id.* at ¶ 28. The government also agrees with Probation's finding that the defendant has 17 Criminal History Points, placing him in Criminal History Category VI. *Id.* at ¶¶ 42-44. An offense level of 11 with a Criminal History Category VI yields an advisory sentencing range of 27 to 33 months of imprisonment.

## IV.   APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)   the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5)   the need to provide restitution to any victims of the offense.

## V.   RECOMMENDATION

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a sentence of 27 months of imprisonment followed by three years of supervised release. Such a sentence would be sufficient, but not greater than necessary, based on the nature of the offense and the history and characteristics of the defendant. The defendant also agrees to an expanded search condition. *See* PSR at ¶ 3. Given the nature of this crime, the requested condition is necessary to serve the interests of deterrence and rehabilitation.

The defendant's noteworthy criminal history supports the imposition of a 27-month term of imprisonment. The defendant has a significant criminal history stemming from drug and theft behavior. The defendant has 17 criminal history points, placing him squarely in the highest Criminal History Category. Even with multiple contacts, the defendant was not dissuaded from continuing to engage in criminal conduct. In fact, the defendant's most recent arrest and conviction, show that the defendant is not even persuaded by a federal conviction.

While the defendant has consistently tested negative for substance use during the pendency of the case, his latest conviction evidences continued engagement in the above conduct to which the defendant pled guilty. This conduct should dissuade the court of a downward departure or variance in the defendant's sentence. The government contends that the charged and related conduct warrant a 27-month sentence, and the addition of the recent conviction is definitely not grounds for a below guidelines sentence. As a part of the plea agreement the defendant agreed "not to commit or attempt to commit any crimes before sentence is imposed or before [he] surrender[s] to serve [his] sentence." *See* Plea Agreement at Dkt #21. The defendant did not abide by the promises of the plea agreement. However, the government is standing by its promise, recommending a 27-month term of imprisonment and imploring the Court not to sentence lower, outside of the guidelines.

The nature and circumstances of the present offense also warrant the recommended 27-month term of imprisonment. The defendant stole mail, at least one debit card, and multiple checks. He then fraudulently used these items for personal gain. Some of this conduct even occurred during the pendency of a global pandemic when people were heavily reliant on mail and needed their money the most. The Court should not overlook the strain many of these victims faced by having checks stolen that they were anticipating.

The recommended sentence accounts for the defendant's criminal history and the seriousness of his conduct in this case. Strict conditions of supervised release, including the expanded search condition, are also necessary to disincentivize the defendant from committing future criminal acts.

## VI.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 27 months of imprisonment, followed by a 36-month term of supervised release, with each

United States' Sentencing Memorandum         6
3:20-CR-00364-CRB

1  of the conditions recommended in the proposed plea agreement including the expanded search
2  condition.

5  DATED:       June 25, 2021                              Respectfully submitted,

                                                           STEPHANIE M. HINDS
                                                           Acting United States Attorney

                                                           /s/ Alexis James
                                                           ALEXIS JAMES
                                                           Assistant United States Attorney